**Brian LINKE, Appellant,**

v.

**ASSOCIATION OF FLIGHT ATTENDANTS, AFL–CIO and United Airlines, Appellees.**

**No. 01–7119.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 16, 2002.

Before RANDOLPH and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. For the reasons set forth in the attached memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

Plaintiff Brian Linke brought suit against his union, the Association of Flight Attendants, AFL–CIO (AFA), and his employer, United Airlines, pursuant to the Railway Labor Act, 45 U.S.C. §§ 151–188, and the governing collective bargaining agreement. The district court granted summary judgment in favor of each defendant.

■ Plaintiff alleged that the AFA breached its duty of fair representation, *see Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 73–76, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991), by refusing to assist plaintiff in pursuing his grievances against United. Although plaintiff's claim may well be time-barred in any event, we do not reach that question because there are no facts in the record to support the claim on the merits. Breach of the duty of fair representation requires conduct that is arbitrary, discriminatory, or in bad faith. *Davenport v. Int'l Bhd. of Teamsters,* 166 F.3d 356, 361 (D.C.Cir.1999). "A union's actions are arbitrary, the Supreme Court has held, only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* (internal quotation marks and citations omitted). Although the AFA twice refused plaintiff's request to assist him in pursuing his grievances, each refusal was accompanied by a letter that carefully explained the basis for the union's decision. Nothing in those letters or in any action taken by the union indicates that its refusal to assist plaintiff was arbitrary, discriminatory, or in bad faith. Accordingly, plaintiff has not identified a genuine dispute supporting his allegation that the AFA breached its duty of fair representation. *See Vaca v. Sipes,* 386 U.S. 171, 191–94, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Plaintiff also alleged that United Airlines breached various provisions of its collective bargaining agreement with the AFA. Federal court jurisdiction to enter-

tain such "minor disputes" concerning the meaning of a collective bargaining agreement is limited under the Railway Labor Act. *See Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994); *Andrews v. Louisville & Nashville R.R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Although federal courts have jurisdiction over certain "hybrid" cases involving contract claims against an employer and a duty of fair representation claim against a union, *see Glover v. St. Louis–San Francisco Ry.,* 393 U.S. 324, 328–29, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969); *Vaca,* 386 U.S. at 186, 87 S.Ct. 903, plaintiff cannot establish that his case is "hybrid" in nature because, as noted above, he cannot establish that the AFA breached its duty of fair representation in its handling of his grievances, *see Vaca,* 386 U.S. at 186, 87 S.Ct. 903.

■ Moreover, even if plaintiff had presented sufficient evidence to support a finding of breach of the duty of fair representation, his claim would be foreclosed because he failed to exhaust his contractual remedies. *See Vaca,* 386 U.S. at 184, 87 S.Ct. 903. Despite a dispute with United over grievance procedures, plaintiff refused the airline's offer to waive an other-wise determinative time bar and to permit him to resubmit his grievances. Nor do any of the exceptions to the exhaustion requirement apply here. Plaintiff has proffered no evidence that pursuing his contractual remedies would have been futile. *See Glover,* 393 U.S. at 330, 89 S.Ct. 548. And plaintiff cannot show that "the union has sole power under the contract to invoke the higher stages of the grievance procedure, and [that] ... the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Vaca,* 386 U.S. at 185, 87 S.Ct. 903. The contract did not give the union sole power to invoke appellate grievance procedures; to the contrary, the collective bargaining agreement permitted plaintiff to pursue his grievances at all stages without the participation of the union. Hence, the union's refusal to assist plaintiff in processing his grievances—which refusal was not wrongful in any event—could not have prevented plaintiff from exhausting his contractual remedies. The grant of summary judgment in favor of United was therefore appropriate.